United States District Court
Southern District of Texas
**ENTERED**
August 07, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CLINT EARL DEATLEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:24-cv-1559** |
| | § | |
| **AMGUARD INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM & ORDER

This first-party insurance case arises from Defendant AmGuard Insurance Company's ("AmGuard") denial of coverage following damage to Plaintiff Clint Earl Deatley's home. Before the Court is AmGuard's Motion for Summary Judgment (ECF No. 23) and Deatley's Motion to Compel Appraisal and Abatement (ECF No. 12). For the reasons that follow, the Court **GRANTS** AmGuard's Motion and **DENIES** Deatley's Motion.

## I.      BACKGROUND

Deatley owns a home located at 12609 Overcup Drive, Houston, TX 77024 (the "Property"). On or about January 1, 2023, Deatley discovered damage to the Property, including cracks in its foundation. ECF No. 25-2 at ¶ 2. The parties dispute whether this foundational damage was caused by a water leak from the Property's plumbing, or from some other source that is not covered by AmGuard's policy.

At all relevant times, the Property was insured under a policy issued by AmGuard (the "Policy"). As relevant here, the policy provides coverage for foundation damage caused by a "seepage or leakage of water or steam from within a plumbing, heating, air conditioning or

1

automatic fire protective sprinkler system." ECF No. 23-2 at 71. The Policy does not cover losses

caused by earth movement, "including earth sinking, rising or shifting." *Id.* at 45.

On or about February 28, 2023, Deatley filed a claim for the damage to his home. ECF No.

23-3. AmGuard then retained an engineer to inspect Deatley's property. The engineer concluded

that:

(1) The reported freshwater supply line leak did not cause or contribute to the detected foundation movement at the residence. The foundation movement was the result of long-term soil-related differential movement attributable to the limited conditions of the native soil as they related to the construction of a foundation without a basement.

(2) Cracks in the brick veneer and interior finishes were caused by long-term soil-related differential foundation movement unrelated to the reported freshwater supply leak on or about January 1, 2023.

(3) The joint separations and out-of-square doorframes were additional indicators of long-term soil-related foundation movement, and also unrelated to the freshwater supply line leak.

ECF No. 23-4 at 1. Based on those conclusions, on April 19, 2023, AmGuard issued a denial letter.

ECF No. 23-5.

Over five months after he first discovered the damage, on May 20, 2023, Deatley retained

a leak detection technician, who identified a leak in a water line at the Property. ECF No. 25-2 at

¶¶ 5–6. Deatley subsequently repaired the leaking water line. *Id.* at ¶ 6. Additionally, Deatley

retained Richard Gadrow, a property damage inspector, to survey the property. ECF No. 25-1 at

¶¶ 1–3. On July 22, 2023, Gadrow inspected the Property and concluded that the cracks in the

foundation were caused by water leaks. *Id.* at ¶¶ 3–9.

On August 21, 2023, Deatley notified AmGuard that he intended to file suit. ECF No. 23-

6. In response, AmGuard (1) reiterated its basis for its coverage decision and (2) reinspected the

property. ECF No. 23-7. The follow-up inspection confirmed that it was not a freshwater supply

leak that caused the foundation movement, rather, it was "seasonal moisture fluctuations in

conjunction with trees in close proximity to the foundation have caused/contributed to foundational movement and associated distress." ECF No. 23-10. Based on that inspection, AmGuard did not change its position. ECF No. 23-7.

Dissatisfied with AmGuard's denial of coverage, Deatley filed suit in state court. ECF No. 1-4. On April 26, 2024, AmGuard timely removed the action to this Court. ECF No. 1. On June 14, 2024, Deatley filed a Motion to Compel Appraisal and Abatement. ECF No. 12. In the July 11, 2024 hearing held on Plaintiff's Motion, the Court allowed Defendant to file a Motion for Summary Judgment regarding the issue of coverage.

## II.   LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951,

3

954 (5th Cir. 1995) and *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the "precise manner" in which that evidence support[s its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).

### III.    ANALYSIS

#### A. Breach of contract claim

First, AmGuard contends that Deatley cannot prevail on his breach of contract claim because the Policy does not cover the loss at issue. In Texas, "the insured has the [initial] burden of establishing coverage under the terms of the policy." *Gilbert Texas Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010) (citing *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 782 (Tex. 2008)). If the insured carries their burden, the burden shifts to the insurer, who then must prove that the loss is within an exclusion to avoid liability. *Id.*

4

(citing *Ulico Cas. Co.*, 262 S.W.3d at 782). If the insured can establish that an exclusion applies, the insured must then show that an exception to the exclusion brings the claim back within the Policy's coverage. *Id.*

In its Motion, AmGuard points out that, while the Policy covers foundation damage caused by water leaks, the "Earth Movement" exclusion applies, and Deatley's claim is accordingly not covered by the Policy. The Earth Movement exclusion provides that the Policy does not cover foundation damage that is "caused directly or indirectly" by earth movement, "regardless of any other cause or event contributing concurrently or in any sequence to the loss." ECF No. 23-2 at 45.

AmGuard has filed two separate engineering reports that conclude that the Property's foundation damage was caused by long-term soil movement, not a plumbing leak. ECF No. 23-4; ECF No. 23-10 at 2; ECF No. 23-9 at 2. In response, Deatley submits the affidavit of a property damage inspector, who concluded that the water leak caused the foundation damage. ECF No. 25-1 at ¶¶ 6–9. However, Deatley's inspector did not conclude that long-term soil damage was *not* a direct or indirect cause. *See id.*

If the Policy contained the Earth Movement exclusion without the anti-concurrent causation clause, there would be a genuine issue of material fact as to what caused the damage to the foundation. However, the anti-concurrent clause provides that if earth movement was *a* cause—even if it was not the *sole* or *primary* cause—there is no coverage, even if there were concurrent causes (like a plumbing leak) that would otherwise be covered under the Policy. ECF No. 23-2 at 45. When faced with identical exclusions and "anti-concurrent causation" clauses, this Court and others in the Fifth Circuit have concluded that summary judgment is appropriate where it is undisputed that earth movement was a concurrent cause of the loss, "regardless of any other

cause or event that contributes concurrently or in any sequence to the loss." *Bilotto v. Allied Prop. & Cas. Ins. Co.*, 79 F. Supp. 3d 660, 668, 673 (W.D. Tex. 2015) (quoting *Texas Renegade Const. Co., Inc. v. Hartford Lloyd's Ins. Co.*, 546 Fed. Appx. 400 (5th Cir. 2013)); *see also Praetorian Ins. Co. v. Arabia Shrine Ctr. Houston*, No. 4:14-CV-3281, 2016 WL 687564, at *8 (S.D. Tex. Feb. 19, 2016) (Ellison, J.) ("[A]ny other concurrent causes of loss are irrelevant if the [exclusion] applies."); *Thomas v. State Farm Lloyds*, 218 F. Supp. 3d 506, 516 (N.D. Tex. 2016); *see also Claunch v. Travelers LLoyds Ins. Co.*, No. 4:07-CV-548-A, 2008 WL 114844, at *4 (N.D. Tex. Jan. 10, 2008) (interpreting similar language and finding that exclusion applied because plaintiff had not shown that excluded cause was not concurrent).

Here, Plaintiff has not shown that soil movement was not a concurrent cause of the Property's foundation damage. It is therefore immaterial that a plumbing leak may have also contributed to the damage. The Earth Movement exclusion applies and Plaintiff has not shown that an exception to the exclusion bring his claim back within the Policy's coverage. Accordingly, the Court grants AmGuard's Motion as to Plaintiff's breach of contract claim.

### B. Extra-contractual claims

Deatley also asserts claims for (1) breach of the common law duty of good faith and fair dealing; (2) violations of the Texas Deceptive Trade Practices Act ("DTPA"); and (3) violations of the Texas Insurance Code. ECF No. 9 at ¶¶ 32–48.

However, as Defendant points out, Texas law is clear that an insured cannot recover damages based on the duty of good faith and fair dealing or the insurance code "if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits." *Argonaut Great Cent. Ins. Co. v. MLLCA, Inc.*, No. 02-19-00280-CV, 2021 Tex. App. LEXIS 3757, at *22-23 (Tex. App.—Fort Worth May 13, 2021, no pet.) (quoting *USAA Texas*

6

*Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018)); *see also Moore v. Allstate Tex. Lloyd's*, 742 F. App'x 815, 819 (5th Cir. 2018); *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 134 (Tex. 2019). In this case, Deatley has not identified an injury flowing from the alleged statutory violations that is independent from the denial of benefits. As a result, AmGuard is entitled to summary judgment on Deatley's extra-contractual claims. *See Mitchell v. Praetorian Ins. Co.*, No. H-23-2049, 2024 U.S. Dist. LEXIS 63627, at *23 (S.D. Tex. 2024) (granting insured's summary judgment motion on similar facts); *Bonner v. Allstate Vehicle*, No. 3:23-cv-158, 2024 U.S. Dist. LEXIS 33824, at *7–*8 (S.D. Tex. 2024) (same).

### C. Appraisal

Given the above conclusions, appraisal is not appropriate in this case. The purpose of appraisal is to determine the amount of loss—that is, the amount that the insurer must pay should the insured ultimately prevail. *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 895 (Tex. 2009). However, there is no need for an appraisal where, as here, there is no coverage and the parties accordingly do not need to know the amount of loss. *See id.*; *see also Kota Me Patates LLC v. Nationwide Mut. Fire Ins. Co.*, No. 4:23-cv-01573, 2023 U.S. Dist. LEXIS 232559, at *11 (S.D. Tex. 2023) ("[A]ppraisal is pointless when, as here, the Policy explicitly states that the loss is not covered."); *Caballero v. Allstate Vehicle*, Civil Action No. DR-23-CV-00047-AM-MHW, 2024 U.S. Dist. LEXIS 98111, at *13 (W.D. Tex. 2024) ("When the amount of damages will not be needed, appraisal is unnecessary and should not be compelled."). The Court declines Plaintiff's request to order appraisal in this case.

## IV.     CONCLUSION

For the forgoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 23) and **DENIES** Plaintiff's Motion to Compel Appraisal and Abatement (ECF No. 12). Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 7th day of August, 2024.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE